| | |
|---|---|
| ZACHARY CARTER<br>Corporation Counsel, City of New York<br>100 Church Street<br>New York, New York 10007<br>By: Hugh Shull, Ass't Corp. Counsel<br>Tel: (212) 356-2138<br>Email: hughs@law.nyc.gov | Hearing Date and Time:<br>August 14, 2019 @ 2:00 p.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                           :     Chapter 11

In re: 

                                                           :     Case Nos. 19-40820 et al. (CEC)

Park Monroe Housing Development,
Fund Corporation, et al.,                                    :

DEBTOR(s).
---------------------------------------------------------------X

**CITY'S REPLY TO DEBTORS' RESPONSE AND
OBJECTION TO CITY'S MOTION FOR (I) STAY
RELIEF TO PERMIT FORECLOSURE OF DEBTORS'
REAL PROPERTY OR, IN THE ALTERNATIVE, (II) DISMISSAL
<u>OF THE CASE OR (III) APPOINTMENT OF A CHAPTER 11 TRUSTEE</u>**

        The City of New York (the "City"), by its attorney ZACHARY CARTER, Corporation Counsel of the City of New York, respectfully replies to the Debtors' Response and Objection to the City's Motion for an order: (i) vacating the automatic stay pursuant to 11 U.S.C. § 362(d) to permit the City to continue its foreclosure of the Debtors' real properties, or in the alternative (ii) dismissing the bankruptcy cases filed by the Debtors pursuant to 11 U.S.C. § 1112(b) or converting the case to chapter 7(iii) appointing a Chapter 11 Trustee, and states:

        1.        The Debtors contend that the City has failed to prove a lack of adequate protection of its interests in the Properties. Although lack of adequate protection is not the sole example of cause to vacate the stay, the City submits that failure to pay post-petition water charges and taxes alone, and accrual of interest on such pre-petition charges, show a lack of

adequate protection. Such charges are first priority liens which prime the City's mortgage liens. Since the Motion as filed, the annual water charges for the Properties have come due and no significant payments were made (other than a $313.76 payment for the 1352 est New York Avenue Property). Outstanding water charges have increased by $44,515.50 since the Motion was filed to $434,926.032 on the Park Monroe Properties as of August 12, 2019. The water charges on the Northeast Brooklyn Properties have increased by $38,975.98 to $128,186.57, and on the 984-988 Greene Avenue Property the water charges have increased by $34,835.87 to $296,607.06. While these are annual charges, the Debtor has not made significant payments since the Filing Date six months ago and there is little indication they can service their water charges while maintaining the Properties, much less make any payments on the City's mortgages.

2. While real estate charges owed to the Department of Finance have reduced, this is not due to payments but because some of the past due tax liens were sold to the New York City Tax Lien Trusts, but they remain first position liens. The tax liens on the Debtors' Properties as of July 1 had increased by $75,238.28 to $216,116.41

3. Failure t pay post-petition taxes is grounds for dismissal. Likewise, it shows a lack of adequate protection of the City's interest as charges and interest prime the City mortgages.

4. Further, there has not been significant improvement in the conditions of the Properties, as demonstrated by the Tenants' reply to the Debtor's Response to their motion.

5. For the Northeast Brooklyn Properties, total Class B and C violations saw a minor decrease since the Motion through August 9, 2019, according to HPD, from 108 to 96, 2.7 per unit to 2.4 per unit. But 984-988 Greene Avenue saw an increase from 85 to 91 violations, and

the Park Monroe Properties aw an increase from 426 violations to 477 violations (6.6 per unit). Over the Debtors' portfolio, therefore, there was an increase of 45 violations just since the Motion was filed.

6. The City is concerned about the conditions at the Properties more so than the lack of payments, but even without payments being made, and with the Debtor using cash collateral without Court order[1], the overall violation count has increased. As some violations have been cleared, inspections have actually revealed more violations.

7. The City submits there is cause for stay relief or dismissal even absent a lack of adequate protection, but the City submits it has established that its mortgage interests are not adequately protected, due to conditions at the Property and post-petition increases in tax and water charges.

8. The Debtors contend that an equity cushion protects the City's interests, but other than mere assertion, has produced no indication the Properties actually can be sold as affordable housing at a price that can pay off the various debts to the City.

9. The Debtors bear the burden of proving that an equity cushion would adequately protect the City's interests. The City submits that it hasn't met this burden.

10. Based on the foregoing, the City submits that it should be granted stay relief to prosecute its foreclosure actions, or that the case should be dismissed. Failing which, the Court should appoint a trustee. The Debtors have been unable to adequately address the conditions at the Properties or meaningfully move the cases forward despite having been afforded months of breathing room in which to show progress.

---

[1] Undersigned counsel for the City e-mailed a mark-up of the Debtors' draft proposed interim cash collateral order on July 23, 2019 but has not received comments back.

WHEREFOR, for all of the foregoing reasons, the City requests that the Court vacate the automatic stay, or, in the alternative dismiss the case, or appoint a trustee, and grant such other and further relief as is just and proper.

Dated:       New York, New York
             August 12, 2019

                                        ZACHARY CARTER
                                        100 Church Street, Room 5-233
                                        New York, New York 10007
                                        By:    /s/ Hugh Shull
                                               Hugh H. Shull III (HS-0236)
                                               Assistant Corporation Counsel