| | |
|---|---|
| ARCHER & GREINER, P.C.<br>630 Third Avenue<br>New York, New York 10017<br>Tel: (212) 682-4940<br>Allen G. Kadish<br>Harrison H.D. Breakstone<br>Email: akadish@archerlaw.com<br>       hbreakstone@archerlaw.com | Hearing Date: November 13, 2019<br>Hearing Time: 2:30 p.m. |

*Counsel for Northeast Brooklyn Partnership,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PARK MONROE HOUSING DEVELOPMENT<br>    FUND CORPORATION, *et al.,* | Case No. 1-19-40820 (CEC)<br>(Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------x

### DECLARATION OF JEFFREY E. DUNSTON
### IN SUPPORT OF CONFIRMATION OF AMENDED
### <u>CHAPTER 11 PLAN OF NORTHEAST BROOKLYN PARTNERSHIP</u>

JEFFREY E. DUNSTON declares as follows:

1. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit. I make this declaration under penalty of perjury consistent with 28 U.S.C. 1746.

2. I am an authorized representative of Northeast Brooklyn Partnership (the "**Debtor**" or "**NBP**"), a New York corporation.

3. I am acting herein on behalf of the Debtor, and I submit this declaration in further support of the confirmation of the Debtor's *Amended Chapter 11 Plan* dated October 28, 2019 (the "**Plan**") [Docket No. 177].[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

4. As an authorized representative, I am familiar with the business, operations and assets of the Debtor. My duties include supervision of daily operations and business affairs of the Debtor.

5. I am also familiar with, and participated in, the negotiations leading to, and the terms and conditions of, the Plan, the Debtor's *Amended Disclosure Statement in Support of Chapter 11 Plan*, dated October 28, 2019 [Docket No. 176] (the "**Disclosure Statement**"), and the documents related thereto. More specifically, I was directly responsible for supervising the preparation of the Disclosure Statement and Plan. I am responsible for negotiation of the Sale Contract. I have conferred with the Debtor's bankruptcy counsel to prepare this declaration.

6. The Debtor believes that the terms of the Plan are fair to all Creditors and that the Plan is in full compliance with the relevant requirements of the Bankruptcy Code.

7. The Debtor has arranged for the Sale of its Buildings under a chapter 11 plan. Under the Plan, the Debtor will generate the Implementation Funds from the Sale proceeds, in order to provide a return to all Creditors as set forth below. The Sale is designed to yield proceeds sufficient to fund all Allowed Administrative, Priority and Secured Claims in full, and allow for a return on Allowed Unsecured Claims, subject to certain limitations described in the Disclosure Statement and Plan.

8. The Debtor believes that the Plan is feasible and not reasonably likely to be followed by resort to further reorganization or liquidation under the supervision of the Bankruptcy Court. After the sale of its Buildings which are its key assets, the Debtor is expected to have no further material operations.

9. The Debtor has, with the real estate advisory services of CPEX Real Estate, located the Purchaser. The Property was marketed as part of a larger sale negotiation pre-

petition. The larger sale negotiation included a multiple step offer process and extended diligence period in order to locate a buyer with the necessary requirements to consummate the larger sale. It is highly unlikely that any higher and better offers would be received if marketed further in bankruptcy. The Property is restricted as subsidized housing and therefore the market, and the City of New York, impose certain limitations. The City of New York has indicated support of the Sale to this Purchaser.

10. The Debtor and the Purchaser have agreed upon a Purchase Price that will provide the Implementation Funds. The Purchase Price is $4,300,000.00. The contemplated transaction is for an "as is" "where is" sale, free and clear of all liens, claims and encumbrances, with no financing or any other contingencies. Upon consideration of all the terms of the proposed Sale, an outside closing date (and Effective Date) of December 11, 2019 has been projected.

11. In addition, after protracted negotiations, certain represented tenants herein have reached accord with the Purchaser on, among other things, assumption and assignment of tenant leases, and cure and adequate assurance of future performance therewith.

12. I believe the Debtor will be able to meet its obligations set forth under the Plan. In particular based on the projections, assuming a closing date (and Effective Date) of December 11, 2019, the Debtor will have sufficient Implementation Funds to make the transfers as set forth under the Plan. The expected uses of the Implementation Funds are set forth on <u>Exhibit A.</u> Under the Plan, after payment in full of senior claims, all Allowed Unsecured Creditors will, based on certain assumptions, be issued an estimated Cash distribution of approximately 30 cents on the dollar, which includes certain Claims of affiliates of the Debtor. No return to Creditors on account of their Allowed Claims would be assured in a liquidation such as a foreclosure. I refer the Court to *Northeast Brooklyn Partnership's Memorandum of Law in Support of Approval of*

*Amended Disclosure Statement and Confirmation of Amended Chapter 11 Plan*, filed herewith. As set forth therein, I believe all legal requirements are met to confirm the Plan, including as follows.

      **i.**      **Section 1129(a)(1)—Compliance with the Bankruptcy Code**

13.    I have conferenced with our chapter 11 counsel with respect to the Disclosure Statement, Plan and this declaration. The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1128 and 1129 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.

      **ii.**      **Section 1129(a)(2)—Debtor's Compliance with the Bankruptcy Code**

14.    The Debtor has participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of proceeds under the Plan. The Plan satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code.

      **iii.**      **Section 1129(a)(3)—Good Faith**

15.    The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Plan was proposed with the legitimate and honest purpose of maximizing value for the benefit of the Debtor and the Debtor's Creditors.

      **iv.**      **Section 1129(a)(4)—Administrative Payments**

16.    The Plan satisfies section 1129(a)(4) of the Bankruptcy Code. Article 3 of the Plan provides adequate procedures for the payment of Allowed Administrative Expense Claims and Allowed Professional Fee Claims. The Debtor will pay all Administrative Expense Claims and Allowed Professional Fee Claims in full whether upon the Effective Date, or if not Allowed

as of the Effective Date, then the funds will be held and paid upon subsequent Court order as set forth in the Plan.

        **v.**        **Section 1129(a)(7)—Debtor's Compliance with the Bankruptcy Code**

17. The Debtor projects that each Claimant will receive under the Plan, on account of its Claim, property of a value, as of the Effective Date, that is not less than the amount that it would receive if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies the "best interests" test of section 1129(a)(7) of the Bankruptcy Code.

        **vi.**        **Section 1129(a)(8)—Voting**

18. Since Claimants in Class 4 are Impaired under the Plan, pursuant to section 1126(f) of the Bankruptcy Code, Claimants in Class 4 were entitled to vote on the Plan. The voting deadline is Tuesday, November 12, 2019.

        **vii.**        **Section 1129(a)(9)—Priority Claims**

19. The Debtor believes that the treatment of Administrative Claims and Priority Tax Claims under Article IV of the Plan, which requires payment in full, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

        **viii.**        **Section 1129(a)(10)—Impaired Class**

20. Since Claimants in Class 4 are Impaired under the Plan, pursuant to section 1126(f) of the Bankruptcy Code, Claimants in Class 4 were entitled to vote on the Plan. The voting deadline is Tuesday, November 12, 2019.

        **ix.**        **Section 1129(a)(11)—Feasibility**

21. The Plan satisfies section 1129(a)(11) of the Bankruptcy Code. The Debtor believes all filings and the information contained in the Disclosure Statement and Plan: (a) are

reasonable and credible; (b) have not been controverted by other evidence; (c) establish that the Plan is feasible; and (d) establish that the Debtor will have sufficient funds available to meet its obligations under the Plan. The Sale Contract was negotiated so as to achieve a feasible transaction. Accordingly, the Debtor believes that the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

### x.     Section 1129(a)(12)—Bankruptcy Fees

22.    The Debtor believes the requirements of section 1129(a)(12) of the Bankruptcy Code will be satisfied. The Plan provides that the Debtor will pay in full, in Cash, any fees due and owing to the U.S. Trustee on the Effective Date. Fees payable to the U.S. Trustee accruing after the Effective Date and any applicable interest will be paid until entry of a final decree or until the case otherwise is closed.

### xi.    Section 1129(a)(16)—Nonbankruptcy Law

23.    The Plan provides for the Sale of the Buildings in accordance with all applicable provisions of nonbankruptcy law that govern the transfer of property and therefore satisfies section 1129(a)(16).

### xii.   Other Inapplicable Subsections Under Section 1129

24.    Sections 1129(a)(5), (6), (13), (14) and (15) are inapplicable to confirmation of the Plan.

### xiii.  Section 1129(c)–One Plan

25.    The Debtor seeks confirmation only of the Plan, satisfying section 1129(c) of the Bankruptcy Code. The Debtor does not request confirmation of any other plan with respect to the Debtor, including any plan previously filed by the Debtor in this Case.

    **xiv.**    **Section 1129(d)—Avoidance of Taxes**

26.    The principal purpose of the Plan is not the avoidance of taxes.

27.    Therefore, I believe that the terms of the Plan are fair to all Creditors, in full compliance with the requirements of the Bankruptcy Code, and consistent with the mission and purpose of the Debtor. Therefore, I respectfully request that the Court confirm the Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  
      November 11, 2019

_____  
Jeffrey E. Dunston